**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Jamar Hunter,

               Plaintiff,

    v.

Officer Wood, et al.,

               Defendants.

Case No. 2:24-cv-00420-GMN-BNW

**SCREENING ORDER**

Pro se Plaintiff Jamar Hunter is currently incarcerated at the Clark County Detention Center. Mr. Hunter submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1) and an application to proceed *in forma pauperis* (ECF No. 3).

**I.      SCREENING STANDARD**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* But unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.    SCREENING ANALYSIS

Mr. Hunter's allegations stem from events that allegedly took place on November 30, 2023, at Casino Royale. He alleges that Officers Wood and Wolfanger detained, searched, interrogated, and arrested him without his consent. He contends the manner in which they did so was "deliberately indifferent" and that the force they used was "unmatched." He also alleges that these officers lied in their report and that he was prosecuted as a result. He explains he is currently fighting these charges. He attributes this conduct to an underground policy that allows for vindictive prosecutions.

Mr. Hunter names several defendants: Officer Wood, Officer Wolfanger, Clark County Commissioners, Sheriff McMahill, and METRO. While he lists several amendments, it appears he intends to assert claims for "vindictive prosecution," "excessive force," and "deliberate indifference."[1] Mr. Hunter seeks damages of $250,000 against each Defendant.

### A. Excessive Force

A claim of excessive force during an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395–97 (1989). Whether the use of force by a law enforcement officer was objectively reasonable must be assessed "in light of the facts and circumstances confronting [the officer], without regard to their underlying intent or motivation." *Id.* at 397. "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion of the individual's Fourth Amendment interests against the countervailing

---

[1] His complaint identifies these three claims, but he lists each of these as violations of the 6th, 8th, 14th, 5th, and 4th Amendments.

1   governmental interests at stake." *Id.* at 396 (quotations omitted). In this analysis, the court must

2   consider the following factors: (1) the severity of the crime at issue, (2) whether the plaintiff

3   posed an immediate threat to the safety of the officers or others, and (3) whether the plaintiff

4   actively resisted arrest. *Id.*; *see also Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912,

5   921 (9th Cir. 2001). While the *Graham* factors are guidelines, "there are no per se rules in the

6   Fourth Amendment excessive force context" and the court may examine the totality of the

7   circumstances. *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc).

8        Here, while Plaintiff intends to assert a claim for "excessive force," he provides no facts in

9   support of that claim other than to say that the use of force was "unmatched." He does not explain

10  the facts and circumstances surrounding the detention and/or arrest (such as, for example, whether

11  he posed a threat to the officers' safety or otherwise resisted the arrest). As a result, the Court will

12  dismiss the claim with leave to amend.

13      **B.  Vindictive Prosecution**

14       There are two ways to establish vindictive prosecution. First, a defendant "may establish a

15  vindictive prosecution claim 'by producing direct evidence of the prosecutor's punitive

16  motivation,' [but] such evidence is not necessary." *United States v. Brown*, 875 F.3d 1235, 1240

17  (9th Cir. 2017) (citation omitted). Second, a defendant may create a rebuttable presumption of

18  vindictiveness "by showing that the circumstances establish 'a reasonable likelihood of

19  vindictiveness.'" *United States v. Kent*, 649 F.3d 906, 912–13 (9th Cir. 2011). "[T]he appearance

20  of vindictiveness results only where, as a practical matter, there is a realistic or reasonable

21  likelihood of prosecutorial conduct that would not have occurred but for hostility or a punitive

22  animus towards the defendant because he has exercised his specific legal rights." *United States v.

23  Gallegos-Curiel*, 681 F.2d 1164, 1169 (9th Cir. 1982).

24       Plaintiff's complaint does not allege facts suggesting that charges were filed against him

25  based on his exercise of specific legal rights. Thus, the Court will dismiss this claim. It appears

26  Plaintiff is alleging vindictiveness, but not in the legal sense. Instead, Plaintiff appears to allege

27

28

that Officers Wood and Wolfanger were vindictive in providing false information, which resulted in charges being filed. Nevertheless, the Court will allow leave to amend.[2]

### C. Deliberate Indifference

A constitutional claim based on deliberate indifference is typically connected to the failure to address an inmate's medical needs while on pretrial release or while serving a sentence. Depending on the inmate's custody status, such failure can give rise to a Fourteenth Amendment claim or an Eighth Amendment claim. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Plaintiff alleges no facts that relate to the failure to treat his medical needs. Once again, his use of the term "deliberate indifference" does not appear to be intended in the legal sense. Instead, he appears to claim that Officers Wood and Wolfanger were deliberately indifferent in falsifying information. As a result, the Court will dismiss this claim. While it does not appear that Plaintiff intends to file such a claim, the Court will allow him leave to amend.

### D. Instructions for Amendment

As mentioned above, Plaintiff is given leave to amend his complaint. The Court provides the following remarks in order to guide any such amended complaint.

Plaintiff is instructed to read the order carefully before amending his complaint. Each claim must allege facts showing how each named defendant is involved. Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, Plaintiff still must give defendants fair notice of each of the claims he is alleging against each defendant.

Plaintiff is further advised that if he files an amended complaint, the original complaint (ECF No. 1-1) will no longer serve any function in this case. The court cannot refer to a prior pleading or to other documents to make his second amended complaint complete. The amended

---

[2] The Court notes that it is unclear whether vindictive prosecution is a cognizable cause of action under § 1983. *See Willis v. Rochester Police Dep't*, No. 15-cv-06284-FPG, 2018 WL 4637378, at *7 n.12 (W.D.N.Y. Sept. 27, 2018). While some courts "faced with such § 1983 claims have . . . recognized it as a valid cause of action," other courts have found that "[a]t best, [a vindictive prosecution] claim may be analogized instead to a malicious prosecution claim." *Id.* At this stage, given it is not clear what Plaintiff intends to allege, the Court will not make this determination.

complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**III.    CONCLUSION**

IT IS ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 3) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Clark County Detention Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Jamar Hunter (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk shall send a copy of this order to the attention of Frank Doyle at 330 S. Casino Center Boulevard, Las Vegas, NV 89101.

IT IS FURTHER ORDERED that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee shall still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act.

IT IS FURTHER ORDERED that the Clerk of Court must detach and file Plaintiff's complaint (ECF No. 1-1) and send Plaintiff a courtesy copy.

IT IS FURTHER ORDERED that the excessive force claim is dismissed with leave to amend.

IT IS FURTHER ORDERED that the vindictive prosecution claim is dismissed with leave to amend.

IT IS FURTHER ORDERED that the deliberate difference claim is dismissed with leave to amend.

//

//

//

//

1       IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, he

2   must do so by March 6, 2025. Failure to file an amended complaint in accordance with this order

3   will result in a recommendation that this case be dismissed.

4

5       DATED this 30th day of January 2025.

6                                                   _____

7                                                   BRENDA WEKSLER
                                                    UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28