UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Jamar Hunter, <br><br> Plaintiff, <br><br> v. <br><br> Officer B. Wood #17066, et al., <br><br> Defendants. | Case No. 2:24-cv-00420-GMN-BNW <br><br> **REPORT AND RECOMMENDATION** |

On January 30, 2025, this Court ordered Plaintiff to file an amended complaint by March 6, 2025. ECF No. 4. It warned Plaintiff that failure to do so would result in a recommendation that the case be dismissed. *Id.* Plaintiff did not file an amended complaint by the deadline, so this Court issued another minute order. ECF No. 6. It again ordered Plaintiff to file an amended complaint and warned him that failure to comply would likely result in a recommendation to dismiss the case. *Id.*

In addition, on March 31, 2025, this Court received notice that Plaintiff's mail was returned as undeliverable. ECF No. 7. This Court promptly issued a minute order directing Plaintiff to update his address by April 17, 2025, and warned him that failure to do so may result in dismissal of his case. ECF No. 8. This Court directed the Clerks' Office to mail a copy of the minute order to the Plaintiff. *Id.* That mailed minute order was also returned as undeliverable. ECF No. 9. Despite numerous warnings, Plaintiff has neither filed an amended complaint nor updated his address, and the deadlines to do so have passed. As a result, this Court recommends that this case be dismissed without prejudice.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). In determining whether to dismiss an

action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissing Plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits— weighs against dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because Plaintiff has failed to file an amended complaint, despite two court orders to do so, the only alternative is enter a third order directing Plaintiff to prosecute his case. In addition, because Plaintiff has failed to update his address, despite a court order to do so, the only alternative is to enter another order. The circumstances here do not indicate that Plaintiff needs additional time, and this case cannot proceed without an operative complaint. Setting another deadline is not a meaningful alternative given these circumstances. So, the fifth factor favors dismissal.

In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors support dismissal or where at least three factors "strongly" support dismissal).

/ / /

/ / /

/ / /

**IT IS THEREFORE RECOMMENDED** that **THIS ACTION BE DISMISSED** for failure to file an amended complaint and updated address in violation of multiple court orders.

## NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 2, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE